PHEBE A. WOOD

v.

FRANCIS R. CONDIT et ux.

A mortgage was given by a son to his father, in order, as the father testified, "to accommodate him financially—to do what he pleased with it."—*Held,* that an absolute assignment of it to complainant, to satisfy in part a former decree which he had obtained against the father, was not a misappropriation.

Bill to foreclose.  On final hearing on pleadings and proofs.

*Mr. J. H. Neighbour,* for complainant.

*Mr. J. Whitehead,* for defendants.

THE CHANCELLOR.

The bill is filed to foreclose a mortgage for $1,500, dated April 17th, 1876, payable in one year, with interest, on land in Essex

county. The mortgage was given by Francis R. Condit and wife to Israel D. Condit, jun., by whom it was assigned to the complainant, April 13th, 1878. The consideration expressed in the assignment is $1,500. The answer sets up as defences want of consideration for the making of the mortgage and usury, and it insists that if the mortgage has any validity at all, it is only valid and enforceable to the amount of $1,000 and interest, which sum, the defendants say, was the consideration of the assignment. It appears by the proof that the mortgage was made at the request and for the accommodation of Israel D. Condit, sen., the mortgagor's father, to assist him financially, and to that end to be used as he might see fit. The complainant, on the 8th of April, 1878, had a decree for foreclosure and sale, obtained upon a mortgage given by Israel D. Condit, sen., and his wife, upon the real property of the latter, and also a judgment against both, upon the bond to secure the payment of which the last-mentioned mortgage was made. There was then due on the decree and judgment the sum of $1,952.06. Under an execution on the judgment, the sheriff of Essex county had, according to the statements of the answer, levied upon all the real and personal property of Condit and his wife, the defendants therein, and had advertised it for sale. To save the property from sale, Israel D. Condit, sen., proposed to satisfy the complainant for the decree and judgment by causing the mortgage now in suit to be assigned to her for part of the money and paying the rest in cash, which was agreed to, and the mortgage assigned and money paid. The mortgage, though made in favor of Israel D. Condit, jun., was, as before stated, given to Israel D. Condit, sen. He says it was given to him " to accommodate him financially—to do what he pleased with it." When he used it by transferring it to the complainant for his relief from the decree and judgment, he did not misuse it. Moreover he informed the mortgagor, at that time, of the use he had made of it, and the latter made no objection. The mortgage is a perfectly valid security in the hands of the complainant. *Farnum* v. *Burnett, 6 C. E. Gr. 87.* The mortgagor, in his answer, claims, as before stated, that if the mortgage has any validity, it cannot be for more than $1,000 and

interest; but the mortgage was not taken as security—it was taken in payment. According to the testimony of Israel D. Condit, sen., it was taken for $1,000; but, on the other hand, the complainant's attorney testifies that it was taken for $1,500, and the consideration expressed in the assignment is corroborative of his statement. According to all the evidence on the subject the mortgage was sold to the complainant, and she is entitled to recover the full amount due on it according to its terms.

It will not be out of place to remark that the defence of usury is not sufficiently pleaded; and if it were, there is no proof to sustain it, nor any ground for such defence. The answer itself states that the mortgage was taken in part payment of the money due on the decree and judgment. There will be a decree for the complainant in accordance with these views.